UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES WESTON,<br>        Plaintiff,<br><br>    v.<br><br>ANGEL QUIROS et al,<br>        Defendants. | No. 3:24-cv-687 (SRU) |

### RULING ON MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The plaintiff, James Weston, is an inmate at the Robinson Correctional Institution. He has applied for leave to proceed in forma pauperis ("IFP") in this civil rights action. Proceeding IFP would allow Weston to pursue his case without prepaying the $405 filing fee. For the reasons that follow, his motions, doc. nos. 2, 12, are **DENIED.**

Federal law allows inmates to commence civil actions without pre-paying the filing fee when they submit affidavits showing that they are "unable to pay." 28 U.S.C. § 1915. Inmates seeking IFP status must show that the burden of prepaying the filing fee would force them to forgo "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In applying the "necessities of life" standard in the prison context, courts take note of the fact that many of a prisoner's necessities are provided to him by the government. As the Second Circuit has explained, "what constitutes the 'necessities of life' that must be purchased is obviously different for prisoners, most of whose necessities are paid for by the jurisdiction that incarcerates them." *In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989). But they nevertheless "maintain their own, often complex, economic lives," and so the Court must consider all of their obligations when determining if they are able to prepay the filing fee. *Rosa v. Doe*, 86 F.4th 1001, 1009 (2d Cir. 2023). Paying the fee should not leave them "wholly destitute," and they

should not be forced to "last dollar they have or can get" to proceed with their claims. *Adkins*, 335 U.S. at 339.

The statute requires that prisoners who request leave to proceed IFP submit "an affidavit that includes a statement of all assets" they possess and "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a). With this information, the Court determines whether each applicant qualifies for IFP status.

Weston first applied to proceed IFP in this matter on April 12, 2024. *See* Doc. No. 2. United States Magistrate Judge Thomas O. Farrish reviewed the initial application. *See* U.S. Dist. Ct. for the Dist. of Conn., *Guide for Self-Represented Litigants*, at 6 (advising IFP applicants that "the motion to proceed in forma pauperis . . . will be reviewed by a Magistrate Judge"). Judge Farrish concluded that Weston's application was insufficient because he failed to include with his application a certified copy of his inmate trust account for the six-month period preceding his complaint, as required under 28 U.S.C. § 1915(a)(1). *See* Doc. No. 8. The Court issued a "Notice of Insufficiency" on April 16, 2024, requiring Weston to refile and informing him of the issues that he needed to correct. *Id.* On April 25, 2024, he filed a complete application and the corresponding account statement. *See* Doc. Nos. 11, 12.

In his refiled application, dated April 19, 2024, Weston acknowledges that he has $1,400 in his trust account, *see* doc. no. 12, at 3, and the final entry on his trust account statement shows that he had $1404.03 on April 1, 2024, three days before he filed his complaint. Doc. No. 11, at 3. This is enough money for him to pay the $405 filing fee, and doing so will not leave him wholly destitute. Weston does not contribute to the support of any other person, and he reports only $100 per month in expenses for necessities not provided for him by the Department of

Correction. Doc. No. 12, at 3. Put another way, he is not one of those inmates whose "complex, economic lives" are beset with "medical debts, court fines, student loans, support orders," or other significant obligations that would make paying the filing fee a hardship. *Rosa*, 86 F.4th at 1009. To the contrary, requiring that he pay the full filing fee will not force him to "to choose between abandoning a potentially meritorious claim or forgoing the necessities of life." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

For those reasons, the Weston's motions for leave to proceed *in forma pauperis*, doc. nos. 2, 12, are **DENIED**. His complaint will be deemed received by the court on April 4, 2024, so long as the filing fee is submitted within the time allotted by this order. All further proceedings in the matter shall be held in abeyance for **twenty-one (21)** days pending Weston's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604. If Weston fails to submit the filing fee within twenty-one days of this Order, **his case will be dismissed without prejudic**e to refiling once he is able to pay the fee.

So ordered.

Dated at Bridgeport, Connecticut, this 5th day of August 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge